UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **JASON BEARD** <br><br> *Plaintiff,* <br><br> v. <br><br> **CLARITY SERVICES, INC.,** <br><br> *Defendant.* | Case No: 8:24-cv-867 <br><br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Jason Beard ("Mr. Beard"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity" or "Defendant"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Beard against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Pasco County, which is in the Middle District.

## PARTIES

### Mr. Beard

5. Mr. Beard is a natural person residing in the City of Wesley Chapel, Pasco County, Florida.

6. Mr. Beard is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Clarity is a *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

# FACTUAL ALLEGATIONS

## Clarity's Inaccurate Consumer Reports Regarding Mr. Beard

10. At some point prior to 2017, Clarity began maintaining a credit file on Mr. Beard.

11. On or about September 15, 2020, Clarity began reporting a loan balance of $3,944 was owed to "CBW / CreditFresh." **SEE PLAINTIFF'S EXHIBIT A.**

12. "CBW / CreditFresh" refers to CBW Bank, a small bank in Weir, Kansas, which supposedly is the "bank partner" of Propel Holdings, Inc., which operates an online lending platform known as CreditFresh.

13. CreditFresh makes small-dollar, short-term, online "payday" loans to consumers at effective interest rates usually exceeding 180% annually.

14. As of April 7, 2024, the "CBW / CreditFresh" tradeline indicated a "current loan amount" of $1,000, a "current balance" of "$3,944," a "past due" amount of $273 and a "next payment" amount of $546, and a "date last updated" of January 29, 2021.

15. Thus, as of April 2024, more than three years had passed since any update or change had been made to the "CBW / CreditFresh" tradeline.

16. On or about January 31, 2022, CBW Bank and Propel Holdings, Inc. agreed that Mr. Beard's loan was settled with a $0 balance.

17. Around this time, CBW Bank and/or Propel Holdings, Inc. instructed Clarity to delete the tradeline from Mr. Beard's credit file.

18. The "CBW / CreditFresh" tradeline thus should not be reporting at all, but assuming *arguendo* Clarity determined it should report, the tradeline information contains substantial inaccuracies, as the balance on the account is $0, and no past-due amount exists.

19. Mr. Beard's Clarity credit file is far from an isolated incident; many consumer Clarity files have information about loans due weekly or bi-weekly which have not been updated for three or more years.

20. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

21. The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders; as such, allowing information to remain non-updated for three years or more virtually guarantees reports will be sold with stale, outdated, and erroneous information.

22. Beyond this, Clarity's systems are programmed to report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

23. For example, Clarity reports Mr. Beard' housing status as both "X" and "FALSE," without any indication what a housing status of "X" or "false" could possibly be. **SEE PLAINTIFF'S EXHIBIT B.**

24. Clarity reports a 1-month length of employment history as of May 8, 2023, but also a 21-month length of employment history as of May 27, 2023 –

contradictory data that Clarity should be well-aware cannot be true in both instances. ***Id.***

25. Clarity also reports an employer address of "NULL NULL NULL," and "123 Main Street, Wesley Chapel, FL." ***Id.***

26. The address "123 Main Street" is a placeholder automatically inserted by Clarity's systems when an employer address is not furnished by a data furnisher.

27. "123 Main Street, Wesley Chapel, FL" does not exist.

28. Thus, Clarity's systems are literally ***programmed to insert false information*** into consumer credit files.

29. Records from Clarity show it sold at least 35 reports regarding Mr. Beard in the past two years.

30. Each of these reports contained the inaccurate CreditFresh tradeline, as well as false and preposterous information about Mr. Beard's employment history, housing status, work address, and more.

31. Clarity, a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, operates in stark contrast to its parent company.

32. While Experian enforces Metro 2 guidelines – industry standards which contain hundreds of pages of explanation on how to report information, covering almost any conceivable scenario, and which is used by other large CRAs and serves as a *lingua franca* – Clarity requires no such compliance with Metro 2 guidelines and has no discernable quality-assurance standards.

33. Indeed, Clarity frequently reports lengths of employment that exceed one million years, lengths of residential history that exceed one million years, and other information clearly false.

34. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

35. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Beard.

36. Clarity was thus aware that when it sold reports on Mr. Beard in the last two years that, under a best-case scenario, it was selling data which was in some cases more than a half-decade out-of-date and other information it knew it had gathered without regard to accuracy or completeness.

### Clarity's April 7, 2024, Disclosure to Mr. Beard

37. On April 7, 2024, Mr. Beard requested his Clarity consumer credit disclosure.

38. Upon receipt of Mr. Beard's request, Clarity was required to "clearly and accurately" disclose all information in Mr. Beard's file at the time of his request, including identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Clarity within the prior year *for any purpose*. See 15 U.S.C. § 1681g(a)(3)(A)(ii).

39. "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

40. Frequently, Experian fails to even come close to fulfilling its legal obligations to disclose this data, often disclosing incomprehensible combinations of letters as the purported end user of its consumer reports.

41. For example, Clarity disclosed a hard inquiry made on May 27, 2023 as such:

| 5/27/2023 10:16:51 am EDT 6ktw8sg1yc | Credit Application | Online Installment Loan | Blue Mountain Loans-Infinity-Lead Envy-FT Services |

**SEE PLAINTIFF'S EXHIBIT C.**

42. Clarity therefore disclosed four different persons supposedly all making the single credit inquiry, without indication of which entity or entities actually requested the report.

43. Two of these entities were disclosed using abbreviations that no reasonable consumer would understand, e.g. "Infinity" and "FT Services."

44. Indeed, Mr. Beard, upon receipt of his Clarity disclosure, did not know who obtained his credit report on May 27, 2023, or what the inquiry was for.

45. Clarity disclosed another hard inquiry to Mr. Beard from February 15, 2024, as such:

| 5/16/2023 3:22:11 pm EDT 6gq5jed726 | Credit Application | Online Installment Loan | CCCnct-TLS-Fulton-GDS |

*Id.*

Page 7 of 18

46. Once again, Clarity disclosed four potential end-users for a single credit application, all four of which were written in shorthand or abbreviated to the extent no reasonable person would understand what entities they referred to.

47. Clarity does not provide consumers with a guide or legend to assist in decoding its inquiries.

48. As a result of the Defendant's actions, Mr. Beard has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

49. Mr. Beard has also been denied information he is legally entitled to – the identity of the end-user of her consumer reports.

50. Mr. Beard has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

51. Mr. Beard adopts and incorporates paragraphs 1 – 50 as if fully stated herein.

52. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Beard when Clarity sold consumer reports containing out-of-date tradeline information on the CreditFresh loan, as it should have reflected a $0 balance with $0 past due, if it was reported at all.

53. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with out-of-date, false tradeline information.

54. Clarity's conduct was thus willful or done with a reckless disregard for Mr. Beard's rights under the FCRA.

55. As a result of its conduct, Clarity is liable to Mr. Beard pursuant to the FCRA for the greater of Mr. Beard's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Beard respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Beard's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT II
### NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

56. Mr. Beard adopts and incorporates paragraphs 1 – 50 as if fully stated herein.

57. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Beard when Clarity sold consumer reports containing out-of-date tradeline information on the CreditFresh loan, as it should have reflected a $0 balance with $0 past due, if it was reported at all.

58. Clarity owed Mr. Beard a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Beard.

59. Clarity breached this duty when it sold consumer reports containing out-of-date tradeline information on the CreditFresh loan, as it should have reflected a $0 balance with $0 past due, if it was reported at all.

60. Clarity thus acted negligently, and Mr. Beard is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Beard respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

61. Mr. Beard adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

62. Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Mr. Beard's consumer report during the one-year period preceding the date on which the request was made.

63. Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose the end-users of its consumer reports.

64. Clarity's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

65. As a result of its conduct, Clarity is liable to Mr. Beard pursuant to the FCRA for the greater of Mr. Beard's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. Beard respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Beard's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)
**(Pled in the alternative to Count III)**

66.    Mr. Beard adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

67.    Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Mr. Beard's consumer report during the one-year period preceding the date on which the request was made.

68.    Clarity owed Mr. Beard a legal duty to disclose this information.

69.    Clarity breached this duty when it failed to identify each end user upon Mr. Beard's request.

70.    Clarity thus acted negligently, and Mr. Beard is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Beard respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    Mr. Beard's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on April 8, 2024, by:

**SERAPH LEGAL, P.A.**

/s/ *Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar Number: 1045392
FGulen@seraphlegal.com
2124 W Kennedy Blvd, Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Mr. Beard's Clarity Statement, April 7, 2024, CreditFresh Tradeline – Excerpt
B    Mr. Beard's Clarity Statement, April 7, 2024, Housing Status, Employment Data – Excerpts
C    Mr. Beard's Clarity Statement, April 7, 2024, Inquiries – Excerpts

# EXHIBIT A
## Mr. Beard's Clarity Statement, April 7, 2024
## CreditFresh Tradeline – Excerpt

**Clarity Report for BEARD, JASON**

4/7/2024

**Consumer**

Name
BEARD, JASON

Address


Reference Number

**Notices**

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. The "Valid Social Security Format" and "Social Security Deceased" values are derived from information maintained by the Social Security Administration (SSA).

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

Disclaimer: This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines.
©2009 - 2024 Clarity Services Inc. All Rights Reserved.

Page 1 of 41